UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRILL DANIYAROV, Petitioner, v. WARDEN ADELANTO ICE PROCESSING CENTER, et al., Respondents. | Case No. 5:26-cv-04019-SSC<br><br>MEMORANDUM AND ORDER |

A citizen of Kazakhstan brings this petition for a writ of habeas corpus challenging his immigration detention. It is not his first. Consistent with the Court's order granting a prior unopposed habeas petition, Petitioner received an individualized bond hearing before an immigration judge, who determined that Petitioner was a flight risk and therefore denied bond. In this new habeas petition, Petitioner challenges that determination and the constitutional sufficiency of the bond hearing. Because Petitioner failed to exhaust his administrative remedies the Court dismisses the petition. Even were the Court to waive exhaustion, Petitioner is not entitled to relief.

**I**

On July 18, 2026, Petitioner Kirill Daniyarov filed this counseled petition for writ of habeas corpus by a person in federal custody

pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner is a noncitizen[1] in immigration detention in Adelanto, California. (*Id.* at 4.)

This is Petitioner's second habeas petition. In the first, Petitioner, who had been released previously by immigration officials on his own recognizance, challenged his re-detention. *Kirill Daniyarov v. Markwayne Mullin*, et al., No. 5:26-cv-01642-SSC, Dkt. No. 1 (C.D. Cal. filed Apr. 3, 2026). Respondents took the position that Petitioner was a member of the bond-eligible class in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), and thus, consistent with the relief afforded to class members, the Court conditionally granted the petition ordering release absent a bond hearing within seven days under the standard ordered. *Id.* at Dkt. No. 12 (C.D. Cal. filed Apr. 20, 2026).

Petitioner received a bond hearing on April 27, 2026.[2] (ECF 1 at 7; ECF 7-2.) The immigration judge's lengthy and considered ruling is

---

[1] Petitioner is a citizen of Kazakhstan. (ECF 1 at 4.)

Under the Immigration and Nationality Act (INA), the term "alien" means "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). Following the lead of the U.S. Supreme Court and the Ninth Circuit, the Court uses the term "noncitizen" in place of "alien." *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).

[2] The immigration judge's order is dated April 28, 2026 (ECF 7-2 at 1), and Respondents' answer likewise states that the hearing was held on April 28, 2026 (ECF 7 at 3). Petitioner's reply confirms that the hearing was held on April 27, 2026 and that the immigration judge's order issued the following day. (ECF 9 at 4.)

in the record. (ECF 7-2.) The immigration judge denied bond, finding that Respondents have "established by clear and convincing evidence that [Petitioner] is a flight risk" "such that no bond is appropriate." (*Id.* at 1–2.) The immigration judge's order detailed the evidence considered: Petitioner's "relatively recent entry" in 2022; the fact he re-entered as a student but "did not attend school, and thus violated the terms of his student visa"; Petitioner's wife's lack of status; and the fact that Petitioner's sponsor was a friend. (*Id.* at 2.) The immigration judge's order recognized that Petitioner has "some [ties] to the community, with his friends and church members writing in support of [his] release," and that Petitioner would reside at a "fixed address[.]" (*Id.*) Petitioner reserved his right to appeal the immigration judge's decision. (*Id.* at 3.)

Referencing the bond denial, the new petition challenges the "constitutional adequacy of the process afforded[.]" (ECF 1 at 4.) Specifically, the petition brings (1) a claim for violation of 8 U.S.C. § 1226(a), and (2) a due process claim arguing: (a) Petitioner's prolonged detention was without meaningful individualized review; (b) the bond hearing was constitutionally defective; and (c) there was insufficient evidence to meet the clear and convincing standard. (*Id.* at 17–23.) The petition also appears to allege that Respondents failed to comply with this Court's order. (*Id.* at 19.) Petitioner seeks release, or in the alternative, a new bond hearing before a different immigration judge. (*Id.* at 24–25.)

On July 27, 2026, Respondents filed an answer. (ECF 7.) Respondents argue that Petitioner has not exhausted his administrative remedies and that, even were exhaustion excused, Petitioner's due process claims would fail on the merits because the

appropriate remedy is a *Rodriguez* prolonged detention bond hearing, which Petitioner will receive at or after six months of detention. (*Id.* at 5–7.) On July 29, 2026, Petitioner filed a reply. (ECF 9.)

The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.

**II**

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

**III**

Petitioner's claims attack the bond hearing. But Petitioner has failed to exhaust his administrative remedies as to these claims. Petitioner received a bond hearing consistent with the Court's order in *Daniyarov*, No. 5:26-cv-01642-SSC, Dkt. No. 12 (C.D. Cal. filed Apr. 20, 2026). The immigration judge's order indicates that Petitioner reserved his appeal to the Board of Immigration Appeals (BIA), and it is undisputed that no appeal has been finalized.[3] (ECF 7-2 at 3.) Petitioner has not exhausted his administrative remedies.

---

[3] On June 10, 2026, Petitioner filed a timely notice of appeal of his removal order to the BIA. (ECF 1 at 11.) Respondents claim that Petitioner has "not yet exhausted his administrative remedies because his removal order is on direct appeal with the BIA and he also reserved appeal" of his bond denial to the BIA. (ECF 7 at 4–5.) In his reply, Petitioner claims that Respondents conflate the two proceedings and that "[t]he pendency of a merits appeal is not an unexhausted custody

**A**

An immigration detainee who loses a bond hearing has a direct administrative remedy: appeal to the BIA. *See* 8 C.F.R. §§ 1003.1(b), 1003.19(f), 1003.38. The BIA reviews *de novo* all "questions of law, discretion, and judgment" from the decisions of immigration judges. *Id.* § 1003.1(d)(3)(ii). It also reviews for clear error any findings of fact, "including findings as to the credibility of testimony." *Id.* § 1003.1(d)(3)(i); *see Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013). As a result, the Ninth Circuit has held that the detainee must first "exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the [immigration judge]'s decision." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Although exhaustion is not statutorily mandated under § 2241, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief[.]" *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012).

Indeed, every principal published Ninth Circuit decision on this subject has usually involved review of a final BIA decision—not an immigration judge's order standing alone. *See, e.g.*, *Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024). And even when exhaustion is later excused (for reasons to be discussed below), the petitioner has still at least appealed to the BIA. *See, e.g.*, *Singh v. Holder*, 638 F.3d 1196, 1200–01 (9th Cir. 2011). These cases thus recognize that direct review of immigration detention decisions belongs with the BIA in the first instance—not federal habeas courts.

---

remedy." (ECF 9 at 8.) Regardless, Petitioner has not exhausted his administrate remedies because he does not indicate that he appealed his bond denial to the BIA.

The three structural reasons on which the Ninth Circuit relies to enforce administrative exhaustion are present here, too. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). First, the BIA has subject-matter expertise in reviewing bond determinations, *see* 8 C.F.R. § 1003.1(b)(7)—expertise particularly valuable here given Petitioner's complaint that the immigration judge's order lacks adequate reasoning. BIA review would help generate the BIA's own order evaluating whether that explanation is adequate.

Second, if Petitioner could skip the BIA, then every noncitizen denied bond has a shortcut to federal court. That inverts the administrative remedy scheme and is precisely the "improper shortcut" that the Ninth Circuit prohibits. *Leonardo*, 646 F.3d at 1160. After all, the immigration judge's order is not the agency's final word. It is the first step in a process designed to produce a reasoned decision at the administrative appellate level. Only then would the administrative record be complete. And only then would a federal court have the considered agency decision that federal courts can review—especially considering that it is limited even more by jurisdictional limits in 8 U.S.C. § 1226(e). *See generally Martinez*, 124 F.4th at 785–86.

Third and last, the BIA can correct the alleged deficiencies Petitioner identifies, if warranted. *See, e.g.*, *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) ("[T]he BIA is capable of . . . determining whether the government has carried its burden of demonstrating by clear and convincing evidence that [petitioner] is a current danger [or flight risk] and must be detained.") (citing *Morgan v. Gonzales*, 495 F.3d 1084, 1090 n.2 (9th Cir. 2007)).

As noted above, exhaustion in immigration habeas cases is prudential, not jurisdictional. *See Hernandez v. Sessions*, 872 F.3d 976,

988 (9th Cir. 2017). Still, federal courts excuse it only where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). Those exceptions are necessarily narrow, and the Ninth Circuit has applied them only where the detainee's challenge is essentially to the legal framework itself—not to how a particular immigration judge applied that framework in a particular case.

In *Singh*, for instance, the court bypassed exhaustion on what standard of proof the Constitution requires at prolonged-detention hearings for those mandatorily detained. 638 F.3d at 1203 n.3, 1205. The court explained that this was a "purely legal" issue for which "a record of administrative appeal is not germane[,]" that waiving exhaustion would not encourage deliberate bypass because the legal question—once resolved—would not recur, and that the BIA could not obviate the need for a federal ruling. *Id.* The court also emphasized that Singh had been detained for nearly four years. *Id.* Similarly, in *Hernandez*, the court waived exhaustion for a class-wide challenge to the bond framework—specifically, whether immigration judges must consider ability to pay and alternatives to detention. 872 F.3d at 988–89. There again, the claims were "purely legal," the BIA's position was fixed through its own precedents, and the challenge raised a discrete systemic question that would not recur once resolved. *Id.*

Petitioner's claim resembles neither of those cases, nor does the petition address exhaustion. Petitioner has not sufficiently established that waiver is warranted.

**B**

In his reply, Petitioner acknowledges that "[e]xhaustion here remains committed to this Court's discretion[,]" but requests that the Court "dismiss without prejudice or stay proceedings pending exhaustion." (ECF 9 at 8–9.) Petitioner asks that "[s]hould the Court conclude any claim must first be presented to the Board," that it "be stayed rather than denied." (*Id.* at 9.)

The Court declines to stay the case. *See Leonardo*, 646 F.3d at 1160 ("When a Petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies[.]") (citing *Morrison-Knudsen Co. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1987)). As discussed above, Petitioner has a direct administrative path to challenge his bond hearing. Regardless, as the Court concludes below, Petitioner's unexhausted claims provide no viable path to habeas relief. *See Vazquez v. Warden of Cal. City Corr. Ctr.*, No. 2:26-cv-00547 DJC SCR, 2026 WL 947251, at *2 (E.D. Cal. Apr. 8, 2026) ("While the undersigned would be inclined to stay the proceedings pending petitioner's appeal to the BIA, it is clear from the petition that petitioner has no viable path to habeas relief on the merits of his . . . claims.").

The Court recognizes that continued detention is not cost-free. But every noncitizen denied bond by an immigration judge is detained during the pendency of an appeal. That is not only intrinsic to appellate review but also inherent in the system Congress designed. So if the ordinary delay of administrative review—and its corresponding extension of a petitioner's detention—constituted "irreparable injury" sufficient to excuse exhaustion, then it would be excused in every bond

denial. *Leonardo*'s default rule would be a dead letter. *See Yu v. Noem*, No. 1:25-cv-2040 DJC AC, 2026 WL 1042213, at *3 (E.D. Cal. Apr. 17, 2026) ("[E]xcusing exhaustion on that basis would cause the exception to swallow the rule."). So while the time needed to complete a BIA appeal may tip against enforcement of exhaustion in some cases with compelling facts, it is not enough on its own in the mine run of immigration detentions. *See McCarthy v. Madigan*, 503 U.S. 140, 147–49 (1992); *Leonardo*, 646 F.3d at 1160. So it is here.

**IV**

Even assuming Petitioner had exhausted his administrative remedies, which he did not, on the present record the Court finds no due process or statutory violations for the reasons discussed below. Petitioner's procedural due process claim has three bases which the Court addresses in turn.

**A**

The Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law[.]" U.S. Const. amend. V. The Due Process Clause of the Fifth Amendment applies to noncitizens "whether their presence here is lawful, unlawful, temporary, or permanent." *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

"Procedural due process is governed by a two-step analysis." *Hewitt v. Grabicki*, 794 F.2d 1373, 1380 (9th Cir. 1986). A court must first determine whether a liberty or property interest exists, and, if so, it must then determine what process is due. *Id.* To determine whether the government has provided sufficient procedural due process to deprive an individual of life, liberty, or property, courts apply the three-factor *Mathews* test considering: (1) "the private interest that will be

affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."[4] *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

**B**

Petitioner claims that the April 27, 2026 bond hearing was procedurally defective because it failed to provide "a meaningful opportunity to contest the evidence against him and an individualized determination made on a reliable record" as required by the Fifth Amendment in a § 1226(a) bond hearing. (ECF 1 at 18.)

Specifically, Petitioner challenges the use of a foreign pre-trial detention order issued by a court in Temirtau, Kazakhstan. (*Id.* at 7.) On this ground, Petitioner alleges that the bond hearing fell below due process standards in "at least four interrelated respects": (1) Petitioner had "no meaningful opportunity to prepare to contest the dispositive evidence[,]" (2) he had "no meaningful opportunity to contest the order at the hearing[,]" (3) the "foreign order was never authenticated[,]" and (4) the immigration judge made a false "material finding" that the order was an "international" warrant and that this "erroneous characterization inflated the apparent weight of the evidence supporting the flight-risk finding." (*Id.* at 19–20.)

---

[4] The Ninth Circuit has "assume[d] without deciding" that *Mathews* applies in the immigration detention context. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022).

To prevail on a due process claim, a petitioner must demonstrate "both a violation of rights and prejudice," *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014), which "is essentially a demonstration that the alleged violation affected the outcome of the proceedings," *Lata v. I.N.S.*, 204 F. 3d 1241, 1246 (9th Cir. 2000). *See Getachew v. INS*, 25 F.3d 841, 845 (9th Cir. 1994) (holding that due process violations in immigration proceedings are susceptible to harmless error analysis); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1066–67 (9th Cir. 2008) (holding that petitioner is not entitled to habeas relief because he could not show that the alleged due process violation adversely affected the immigration judge's determination that he was eligible for bond); *Gurrola v. Cruz*, No. 1:25-cv-02078-JLT-HBK, 2026 WL 1415279, at *2 (E.D. Cal. May 20, 2026) (finding no due process violation where the petitioner failed to demonstrate prejudice because of the immigration judge's conduct).

The Court finds that Petitioner's due process claim fails on this basis because Petitioner failed to show prejudice from the alleged violation. Petitioner alleges that he "confronted the document for the first time at the hearing itself," and that he "has never been arrested, charged in his presence, arraigned, or interviewed by Kazakh authorities in connection with it." (ECF 1 at 8.) Petitioner further alleges that the original order is in Russian and that Respondents did not "disclose the translated order" or "furnish him an independent translation in advance of the hearing," that the immigration judge "did not ask Petitioner any questions," that "Petitioner did not testify," and that counsel "did not cross-examine any witness about the order, its provenance, its translation, or its content[.]" (*Id.* at 9.) But the immigration judge's order indicates that the court did not find the

foreign order dispositive: “the Court does not find that the [foreign] arrest warrant, without a description of what [Petitioner] stole, at a minimum, establishes dangerousness on its own by clear and convincing evidence.” (ECF 7-2 at 1.) Consequently, the immigration judge found that Petitioner “is not a danger to the community.” (*Id.*) Thus, even assuming that the violations Petitioner alleges would be sufficient to state a due process claim, the immigration judge’s order does not indicate that the foreign order informed the immigration judge’s bond denial based on flight risk.

Petitioner argues that the immigration judge “relied on the theoretical possibility that the Kazakh order might implicate the serious nonpolitical crime bar” under *Matter of D-G-B-L-*, 29 I. & N. Dec. 392 (BIA 2026) and that such “[s]peculation about the potential future application of a merits bar cannot substitute for record evidence of flight risk[.]” (ECF 1 at 23.) But the immigration judge recognized that Petitioner’s only forms of relief, “asylum and related applications[,]” are “inherently speculative” and noted that Petitioner’s arrest warrant “substantially affects” these forms of relief. (ECF 7-2 at 2.) The immigration judge stated that “[t]he Court does not make a finding here on this issue, only noting that such uncertainty of relief directly affects flight risk.” (*Id.*) Regardless, as discussed below, the immigration judge’s order does not support Petitioner’s claim that the alleged speculation “substitute[d] for record evidence of flight risk[.]” (ECF 1 at 23.) Petitioner’s due process claim on this basis thus fails.

**C**

Petitioner further alleges a due process violation because the immigration judge relied on evidence insufficient to sustain detention under the clear and convincing evidence standard as required by the

Fifth Amendment and 8 U.S.C. § 1226(a).[5] Petitioner's due process claim on this basis likewise fails.

The Ninth Circuit has explained that if an immigration judge "expressly cited and applied the relevant case law in rendering its decision," a court accepts that it "applied the correct legal standard," unless there is an indication that "something is amiss." *Martinez*, 124 F.4th at 781–82 (citation modified). To determine whether a noncitizen is a danger to the community or a flight risk, an immigration judge weighs any or all of nine non-exhaustive factors under *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge has "broad discretion in deciding the factors that he or she may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Id.*

Here, the immigration judge found that Respondents established "by clear and convincing evidence" that Petitioner is a flight risk, citing *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984). (ECF 7-2 at 1.) Petitioner alleges that the principal evidence on which the immigration judge relied on was the foreign order and that the immigration judge acknowledged that Petitioner has a "fixed U.S. address, community ties evidenced by written letters, active church involvement, a marital relationship, and a sponsor." (ECF 1 at 22–23.) Petitioner claims that all of these factors, "[p]laced against a thin, unauthenticated foreign order," reflect that Respondents' showing did not amount to clear and

---

[5] Petitioner's due process claim on this basis is coextensive with a claim under 8 U.S.C. § 1226(a). (ECF 1 at 21–23.) Because the Court finds that Petitioner's bond hearing met the procedural requirements of § 1226(a) and was thus sufficient under the due process clause, the Court does not address the § 1226(a) claim separately.

convincing evidence. (*Id.* at 23.) Because the immigration judge applied the correct legal standard, the Court finds no due process violation on this basis.

**D**

Finally, Petitioner alleges a due process violation based on his continued detention without lawful bond review. Citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) and *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018), Petitioner argues that [p]rolonged civil immigration detention implicates a fundamental liberty interest and requires meaningful, individualized bond review." (ECF 1 at 17–18.) Petitioner's due process claim on this basis fails.

Petitioner was detained under 8 U.S.C. § 1226(a). (*Id.* at 14.) That statutory section confers an "initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). In *Rodriguez Diaz*, the Ninth Circuit concluded that procedures set out in § 1226(a) satisfied due process under *Mathews* and rejected the claim that a second bond hearing was required. *Id.* at 1213. The Court emphasized the individualized hearing already provided, the right to appeal, and the ability to request re-determination based on materially changing circumstances. *Id.* at 1207–11.

The petition and Respondents' answer confirm that consistent with this Court's April 20, 2026 order,[6] an immigration judge conducted

---

[6] Petitioner appears to claim that Respondents did not comply with this Court's April 20, 2026 order. Petitioner claims that the

an individualized bond hearing on April 27, 2026. (ECF 1 at 7; ECF 7-2 at 1–3.) The immigration judge's order indicates that the burden was put on the government to establish "by clear and convincing evidence that [Petitioner] is a flight risk." (ECF 7-2 at 1.) The order further reflects that the immigration judge considered evidence from both sides and that Petitioner reserved his right to appeal (*id.* at 1, 3), and Respondents note that Petitioner had bond counsel (ECF 7 at 3). Thus, Petitioner already received the process owed to him. *See Rodriguez Diaz*, 53 F.4th at 1208.

Respondents argue that to the extent Petitioner contends that the duration of detention has rendered it constitutionally infirm, the appropriate remedy is a *Rodriguez* prolonged detention bond hearing, which he will receive at or after six months of detention. (ECF 7 at 7.) The Court agrees. About six months have passed since Petitioner's April 27, 2026 bond hearing. At this point, Petitioner may be entitled to a further *Rodriguez* hearing specific to this district. *Rodriguez v. Robbins*, 804 F.3d 1060, 1085 (9th Cir. 2015). Further, to the extent

---

Court's order required "clear and convincing evidence, individualized determination, and consistency with the reasoning of the *Maldonado Bautista* line of cases." (ECF 1 at 7, 19.) The Court's order stated as follows: "Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than April 27, 2026, he is provided with an individualized bond hearing under 8 U.S.C. § 1226(a) at which the government must bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, and the immigration judge must exercise discretion to make an individualized determination whether Petitioner should be detained pending removal proceedings." *Daniyarov*, No. 5:26-cv-01642-SSC, Dkt. No. 12 at 3. As explained above, the Court finds that Respondents provided Petitioner with a § 1226(a) bond hearing as set out in this Court's order.

Petitioner has experienced "a material change in circumstances," he "may request an additional bond hearing" before an immigration judge in accordance with 8 U.S.C. § 1226(a) and 8 C.F.R. § 1003.19(e). *Rodriguez Diaz*, 53 F.4th at 1197.

Accordingly, Petitioner's procedural due process claim fails.

**ORDER**

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered dismissing the petition without prejudice.

DATED: October 29, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE